**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BENJAMIN HAITH INTELLECTUAL PROPERTY LLC,<br><br>　　　　　Plaintiff,<br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,<br><br>　　　　　Defendants. | Case No. 1:26-cv-01018 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY INJUNCTION, A TEMPORARY ASSET RESTRAINT, EXPEDITED DISCOVERY, AND SERVICE OF PROCESS BY E-MAIL AND/OR ELECTRONIC PUBLICATION**

　　　　Plaintiff, BENJAMIN HAITH INTELLECTUAL PROPERTY LLC ("Haith LLC"), submits this Memorandum in support of its *Ex Parte* Motion for Entry of a Temporary Restraining Order, including a temporary injunction, a temporary asset restraint, expedited discovery, and service of process by email and/or electronic publication (the "*Ex Parte* Motion").

**TABLE OF CONTENTS**

I. INTRODUCTION ……………………….......................................1

II. STATEMENT OF FACTS………………………………………………………..1

III. ARGUMENT…………………………………………………………………...2

    A. This Court may exercise jurisdiction over Defendant………………………………………..……………..……….3

    B. Standard for temporary restraining order and preliminary injunction………………………………………………………………………….4

        i. Plaintiff will likely succeed on the merits…………………………….4

        ii. Plaintiff will suffer irreparable harm in the absence of preliminary relief………………………………………………………...………………..5

IV. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE…………………………..8

    A. An immediate TRO preventing violation of Plaintiff's rights is appropriate………………………………………………………………………8

    B. Preventing the fraudulent transfer of assets is appropriate………...…………..…8

    C. Plaintiff is entitled to expedited discovery………………………………….…10

    D. Service of process by e-mail and/or electronic publication is warranted……………………………………………………………………11

V. A BOND SHOULD SECURE THE INJUNCTIVE RELIEF…………………………...14

VI. CONCLUSION ………………………………………………………………14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aevoe Corp. v. AE Tech Co., Ltd.*,
   No. 2:12-cv-0053, 2012 WL 760692 (D. Nev. Mar. 7, 2012) ...................................................... 7

*Allstar Marketing Group, LLC v. 53 Romantic House Store*,
   No. 20-cv-9072, 2020 WL 6700481 (S.D.N.Y. Nov. 13, 2020) ................................................. 4

*Allstar Marketing Group, LLC v. Backforth Tradeltd*,
   2020 WL 6700503 (S.D.N.Y. Nov. 12, 2020) ........................................................................... 3

*Apple Inc. v. Samsung Elecs. Co.*,
   735 F.3d 1352 (Fed. Cir. 2013) ................................................................................................ 6

*Ball v. Metallurgie Hoboken–Overpelt S.A.*,
   902 F.2d 194 (2d Cir.) ............................................................................................................... 3

*Ballas v. Tedesco*,
   41 F. Supp. 2d 531 (D.N.J. 1999) ............................................................................................. 6

*Burger King Corp. v. Majeed*,
   805 F. Supp. 994 (S.D. Fla. 1992) ............................................................................................ 5

*Bushnell, Inc. v. Brunton Co.*,
   673 F. Supp. 2d 1241 (D. Kan. 2009) ....................................................................................... 7

*Cengage Learning, Inc. v. Xuhong Wang*,
   2017 WL 11570668 (S.D.N.Y. Sept. 14, 2017) ...................................................................... 13

*CSC Holdings, Inc. v. Redisi*,
   309 F.3d 988 (7th Cir. 2002) .................................................................................................... 9

*Gillespie v. Civiletti*,
   629 F.2d 637 (9th Cir. 1980) .................................................................................................. 10

*Grupo Mexicano de Desarollo, S.A. v. Aliance Bond Fund*,
   527 U.S. 308 (1999) .................................................................................................................. 9

*HarperCollins Publishers L.L.C. v. Gawker Media LLC*,
   721 F. Supp. 2d 303 (S.D.N.Y. 2010) ....................................................................................... 4

*HarperCollins Publishers LLC*,
   721 F. Supp. 2d ......................................................................................................................... 6

*Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*,
   174 F.3d 411 (4th Cir. 1999) .................................................................................................. 14

*In re Feit & Drexler, Inc.*,
   760 F.2d 406 (2d Cir.1985) ...................................................................................................... 4

*In re LDK Solar Secs. Litig.*,
   2008 WL 2415186 (N.D. Cal. Jun. 12, 2008) ......................................................................... 13

*Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*,
   176 F. Supp. 3d 137 (E.D.N.Y. 2016) ...................................................................................... 8

*Kaplan v. Stock Mkt. Photo Agency, Inc.*,
   133 F. Supp. 2d 317 (S.D.N.Y. 2001) ....................................................................................... 4

*Kelly Toys Holdings, LLC v. alialialiLL Store*,
   606 F. Supp. 3d 32 (S.D.N.Y. 2022) ......................................................................................... 9

*Krause Int'l Inc. v. Reed Elsevier, Inc.*,
  866 F. Supp. 585 (D.D.C. 1994) .................................................................................. 5
*Lindsey Adelman Studio, LLC v. ZORA Lighting Co., Ltd.*,
  2019 WL 7599931 (S.D.N.Y. May 29, 2021) ........................................................ 3, 4
*Luminara Worldwide, LLC v. Liown Elecs. Co. Ltd.*,
  814 F.3d 1343 (Fed. Cir. 2016) .................................................................................. 5
*Merkos L'Inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch*,
  312 F.3d 94 (2d Cir.2002) .......................................................................................... 5
*Monco v. Zoltek Corp.*,
  2018 WL 3190817 (N.D. Ill. Apr. 24, 2018) ........................................................... 13
*Monster Energy Co. v. Chen Wensheng*,
  136 F. Supp. 3d 897 (N.D. Ill. 2015) ....................................................................... 14
*Nike*,
  166 F.Supp.3d .............................................................................................................. 7
*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
  No. 2:04-cv-0032, 2007 WL 869576 (E.D. Tex. Mar. 21, 2007) ............................. 7
*Off-White LLC v. ^_^Warm House^_^Store*,
  2019 WL 418501 (S.D.N.Y. Jan. 17, 2019) ............................................................. 9
*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340, 98 S. Ct. 2380 (1978) ....................................................................... 10
*PCT Int'l Inc. v. Holland Elecs. LLC*,
  2015 WL 5210628 (D. Ariz. Sept. 8, 2015) .............................................................. 6
*Promatek Industries, Ltd. v. Equitrac Corp.*,
  300 F.3d 808 (7th Cir. 2002) ...................................................................................... 6
*Register.com, Inc. v. Verio, Inc.*,
  356 F.3d 393 (2d Cir. 2004) ....................................................................................... 6
*Rio Props., Inc. v. Rio Int'l Interlink*,
  284 F.3d 1007 (9th Cir. 2002) .................................................................................. 12
*Robert Bosch, LLC v. Pylon Mfg. Corp.*,
  659 F.3d 1142 (Fed. Cir. 2011) .................................................................................. 7
*Snyder v. Ply Gem Indus., Inc.*,
  200 F. Supp. 2d 246 (S.D.N.Y. 2001) ....................................................................... 3
*Spin Master Ltd. v. Alan Yuan's Store*,
  325 F. Supp. 3d 413 (S.D.N.Y. 2018) ....................................................................... 8
*Tiffany (NJ) LLC v. Forbse*,
  2015 WL 5638060 (S.D.N.Y. Sept. 22, 2015) ..................................................... 9, 11
*Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*,
  60 F.3d 27 (2d Cir. 1995) ........................................................................................... 6
*Twentieth Century Fox Film Corp. v. Mow Trading Corp.*,
  749 F. Supp. 473 (S.D.N.Y. 1990) .......................................................................... 10
*Ty, Inc. v. GMA Accessories, Inc.*,
  132 F.3d 1167 (7th Cir. 1997) .................................................................................... 6
*U2 Home Entm't Inc. v. Bowery Music City, Inc.*,
  2003 WL 22889738 (S.D.N.Y. Dec. 8 2003) ........................................................... 6
*Warner Bros. Entm't, Inc. v. WTV Sys.*,
  824 F. Supp. 2d 1003 (C.D. Cal. 2011) .................................................................... 5

*Weili Fang and Chee Ray, LLC v. Hangzhou Jiayu Wenhua Chuanmei Youxian Gongsi*,
  2021 WL 1249631 (S.D.N.Y. Apr. 5, 2021) .......................................................................... 2, 3
*Winter v. Natural Res. Def. Council, Inc.*,
  555 U.S. 7 (2008) ..................................................................................................................... 5

**Statutes**

17 U.S.C. § 501 .................................................................................................................................. 4
17 U.S.C. § 502 .............................................................................................................................. 6, 8
17 U.S.C. § 504(b) ............................................................................................................................. 8

**Rules**

Fed. R. Civ. P. 4 ......................................................................................................................... 12, 13
Fed. R. Civ. P. 4(b) ........................................................................................................................... 14
Fed. R. Civ. P. 4(f) ............................................................................................................................ 12
Fed. R. Civ. P. 4(f)(3) ................................................................................................................. 11, 12
Fed. R. Civ. P. 26(b)(2) .................................................................................................................... 10
Fed. R. Civ. P. 62(a) ........................................................................................................................... 9
Fed. R. Civ. P. 65(b) ........................................................................................................................... 2
Fed. R. Civ. P. 65(c) ......................................................................................................................... 14
Fed. R. Civ. P. 65(d)(2)(C) ........................................................................................................... 8, 10

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   INTRODUCTION

Plaintiff BENJAMIN HAITH INTELLECTUAL PROPERTY LLC ("Haith LLC") requests temporary *ex parte* relief based on its action for copyright infringement against the Defendants identified in Schedule A attached to the Complaint ("Defendants"). As alleged in the Complaint, Defendants are offering for sale and selling the same unauthorized product ("Infringing Products") that infringes on Haith LLC's rights through at least the fully interactive, e-commerce store operating under the seller alias identified in Schedule A to the Complaint and as shown in **Exhibit B** attached to the Complaint.

Defendants' ongoing unlawful activity should be restrained, and Plaintiff respectfully requests that this Court issue an *ex parte* Temporary Restraining Order. Plaintiff seeks an order: (1) temporarily restraining Defendants' continued manufacture, importation, distribution, offering for sale, and sale of Infringing Products, including those identified in **Exhibit B** attached to the Complaint, and (2) temporarily restraining Defendants' assets to preserve Plaintiff's right to equitable accounting. Ancillary to and as part of the TRO, Plaintiff respectfully requests that this Court (3) authorize expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of Infringing Products, including at least those records related to products shown in **Exhibit B** attached to the Complaint, and Defendants' financial accounts; and (4) authorize service by email and/or electronic publication.

II.   STATEMENT OF FACTS

Plaintiff owns original artwork registered with the U.S. Copyright Office ("Subject Artwork"). *See* Declaration of Hassie Benjamin Haith, Jr. ("Haith Decl.") ¶ 4. Before Defendants'

1

Infringing Use, the Subject Artwork was displayed on https://www.bostonbenhaith.com/, and other publicly available popular media. *See* Haith Decl. ¶ 6. Substantial time, money, and other resources have been expended in developing, advertising, and otherwise promoting the Subject Artwork. *Id.* at ¶ 7. And Plaintiff benefits significantly from, and relies on its exclusive rights in, the Subject Artwork, including the right to control derivatives and use thereof. *Id.*

The Defendant internet stores have been identified and was offering for sale, selling, and importing Infringing Products to consumers in this judicial district and throughout the United States. *Id*. at ¶ 8. As shown in **Exhibit B** attached to the Complaint, Defendants are selling, displaying, and offering for sale products which unlawfully copy Plaintiff's Subject Artwork in whole or part.

### III.    ARGUMENT

Defendants' purposeful, intentional, and unlawful conduct is causing and will continue to cause irreparable harm to Plaintiff's reputation and goodwill, as well as infringing the exclusive rights afforded to Plaintiff under the Copyright Act. The Court may issue an *ex parte* TRO where immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition. Fed. R. Civ. P. 65(b). The entry of a TRO is appropriate here because it would immediately stop the Defendants from benefiting from its wrongful use of the Subject Artwork and preserve the status quo until a hearing can be held.

In the absence of a TRO without notice, the Defendants can and likely will register new e-commerce store under a new alias and move any assets to off-shore bank accounts outside the jurisdiction of this Court. *See* Declaration of Scott Alan Burroughs (the "Burroughs Decl.") ¶ 4. Courts have recognized that civil actions against infringers present special challenges that justify proceeding on an *ex parte* basis. *See, e.g., Weili Fang and Chee Ray, LLC v. Hangzhou Jiayu*

*Wenhua Chuanmei Youxian Gongsi*, 2021 WL 1249631, at *2 (S.D.N.Y. Apr. 5, 2021) ("If Defendants are given notice of Plaintiffs' application, they are likely to hide, conceal, transfer or otherwise dispose of their ill- gotten proceeds from their sales of counterfeit and infringing products."); *Lindsey Adelman Studio, LLC v. ZORA Lighting Co., Ltd.*, 2019 WL 7599931, at *2 (S.D.N.Y. May 29, 2021) ("Defendants may easily and quickly transfer the registrations of their internet domain name, or modify registration data and content, change hosts, and redirect traffic to other websites, thereby thwarting Plaintiffs' ability to obtain meaningful relief."). As such, Plaintiff respectfully requests that this Court issue the requested *ex parte* TRO.

### A. This Court may exercise jurisdiction over Defendant

Without the benefit of an evidentiary hearing, Plaintiff bears the burden of only making a *prima facie* case for personal jurisdiction; all of Plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor. *Snyder v. Ply Gem Indus., Inc.,* 200 F. Supp. 2d 246, 249 (S.D.N.Y. 2001); *Ball v. Metallurgie Hoboken–Overpelt S.A.*, 902 F.2d 194, 197 (2d Cir.) (citations omitted), *cert. denied*, 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990).

This Court may properly exercise personal jurisdiction over Defendants because Defendants directly targets business activities toward consumers in the United States, including Illinois, by directly offering for sale products into this judicial district as well as through at least the fully interactive, commercial Defendant Internet Stores. Defendants have targeted sales to New York residents by operating online stores that offer shipping to New York, and have offered to sell, and on information and belief, have sold and continue to sell Infringing Products to consumers within New York and the United States. Complaint at ¶¶ 13-14. *See Weili Fang*, 2021 WL 1249631, at *1; *Allstar Marketing Group, LLC v. Backforth Tradeltd*, 2020 WL 6700503

3

(S.D.N.Y. Nov. 12, 2020) (TRO and injunction granted); *Allstar Marketing Group, LLC v. 53 Romantic House Store*, No. 20-cv-9072, 2020 WL 6700481 (S.D.N.Y. Nov. 13, 2020) (preliminary injunction order after granting TRO); *Lindsey Adelman*, 2019 WL 7599931, at *1; *Cengage Learning, Inc. v. Doe 1*, No. 18-cv-403, 2018 WL 2244461, at *1 (S.D.N.Y. Jan. 17, 2018); *Kipling Apparel Corp. v. Rhys*, WL 8814345 (S.D.N.Y. Feb. 19, 2016).

The facts support a finding of personal jurisdiction over Defendants and establish that Defendants are committing tortious acts directed at and in New York, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in New York.

### B. Standard for temporary restraining order and preliminary injunction

A party seeking to obtain a TRO must demonstrate: (1) "either a likelihood of success on the merits or 'sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the [applicant's] favor;'; and (2) that it will suffer irreparable harm if the injunction is not granted. *HarperCollins Publishers L.L.C. v. Gawker Media LLC*, 721 F. Supp. 2d 303, 305-06 (S.D.N.Y. 2010), quoting *In re Feit & Drexler, Inc.*, 760 F.2d 406, 415 (2d Cir.1985).

#### i. Plaintiff will likely succeed on the merits

To establish copyright infringement under 17 U.S.C. § 501, a plaintiff need only prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Kaplan v. Stock Mkt. Photo Agency, Inc.*, 133 F. Supp. 2d 317, 321 (S.D.N.Y. 2001). Here, Plaintiff has established ownership of a copyright registration for the Subject Artwork. *See* Haith Decl. at ¶¶ 4-5. The Infringing Products incorporate, copy, and are derived from the Subject Artwork, as shown in **Exhibit B** attached to the Complaint. Defendants had access to Plaintiff's Subject Artwork through Plaintiff's widespread dissemination of the Subject

Artwork through various public profiles. Further, access cannot be disputed given the identicality of copying. Defendants do not have authorization to use, copy, or sell the Subject Artwork or derivatives thereof, in whole or in part, nor do Defendants have authorization to market the Subject Artwork. Haith Decl. ¶¶ 8-9. As such, the infringement is clear and establishes that Plaintiff is likely to succeed on the merits of this claim.

At minimum, there are sufficiently serious questions here going to the merits of Plaintiff's claims with the balancing of harm tipping decisively in Plaintiff's favor. As a willful infringer, Defendants are entitled to little equitable consideration. *Krause Int'l Inc. v. Reed Elsevier, Inc.*, 866 F. Supp. 585, 587-88 (D.D.C. 1994). This is because "[o]ne who adopts the marks of another for similar goods acts at his own peril since he has no claim to the profits or advantages thereby derived." *Burger King Corp. v. Majeed*, 805 F. Supp. 994, 1006 (S.D. Fla. 1992) (internal quotation marks omitted). This is equally true in the copyright context, since Defendants "cannot complain" of being forced to cease their infringement. *Warner Bros. Entm't, Inc. v. WTV Sys.*, 824 F. Supp. 2d 1003, 1014-15 (C.D. Cal. 2011).

Defendants have been profiting and continues to profit from the sale of Infringing Products. In doing so, Defendants have eliminated the exclusivity afforded Plaintiff under the Copyright Act and the goodwill associated with Plaintiff's products. Considering the minimal consideration given to Defendants, balancing equities tips decisively in Plaintiff's favor.

      **ii. Plaintiff will suffer irreparable harm in the absence of preliminary relief**

At this stage, Plaintiff only needs to show that irreparable harm is likely. *Luminara Worldwide, LLC v. Liown Elecs. Co. Ltd.*, 814 F.3d 1343, 1352 (Fed. Cir. 2016); *accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Irreparable harm is presumed where a party has established a prima facie case of copyright infringement. *See Merkos L'Inyonei Chinuch, Inc.*

*v. Otsar Sifrei Lubavitch*, 312 F.3d 94, 96 (2d Cir.2002); *U2 Home Entm't Inc. v. Bowery Music City, Inc.*, 2003 WL 22889738, at *1 (S.D.N.Y. Dec. 8 2003). The Copyright Act expressly provides for injunctive relief to address infringement, in recognition of the irreparable nature of the harm caused by infringement and the express aim to prevent commercial harm not compensable monetarily. *See* 17 U.S.C. § 502; *HarperCollins Publishers LLC*, 721 F. Supp. 2d at 307. Any loss resulting from copyright infringement constitutes irreparable harm when a copyright owner has expended significant resources promoting products embodying its copyrights. *Id.*; *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1173 (7th Cir. 1997); *Ballas v. Tedesco*, 41 F. Supp. 2d 531, 542 (D.N.J. 1999). "[L]oss of reputation, goodwill, and business opportunities" also constitute irreparable harm. *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004) (cleaned up).

Plaintiff has suffered damage to reputation and goodwill, and loss of unquantifiable future sales. Haith Decl. ¶¶ 17-19. Plaintiff has invested significant resources in the promotion of its Subject Artwork. *Id*. Defendants' creation, sale, and distribution of Infringing Products deprives Plaintiff of its exclusive right to control its creative content and devalues the Subject Artwork by associating it with inferior goods. These are recognized irreparable harms for which monetary compensation is inadequate and warrant equitable relief. *See Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 38 (2d Cir. 1995); *Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 813 (7th Cir. 2002) (damage to plaintiff's goodwill was irreparable harm for which plaintiff had no adequate remedy at law).

A causal nexus exists between Defendants' infringement and each of the irreparable harms that Plaintiff is suffering. *Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1364 (Fed. Cir. 2013). Here, Defendant's infringing use of the Subject Artwork is a substantial, if not the exclusive, reason for a decrease in consumer demand of the Infringing Products. *See PCT Int'l Inc. v. Holland*

*Elecs. LLC*, 2015 WL 5210628, at *23-24 (D. Ariz. Sept. 8, 2015), aff'd, No. 2016-1061, 2016 WL 4373941 (Fed. Cir. Aug. 16, 2016) ("The Federal Circuit has explained that when the products at issue are "relatively simple," in the sense that they have a small number of features, the causal nexus requirement is easier to satisfy because the infringing feature has a large impact on demand for the products").

Finally, because Defendants are individuals and businesses who, upon information and belief, resides in the People's Republic of China or other foreign jurisdictions with no U.S. presence, any monetary judgement is likely uncollectable without obtaining a TRO. *See Robert Bosch, LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1156 (Fed. Cir. 2011) (reversing denial of permanent injunction where the likely availability of monetary damages was in question, citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, No. 2:04-cv-0032, 2007 WL 869576, at *2 (E.D. Tex. Mar. 21, 2007) where "'all three defendants are foreign corporations and that there is little assurance that [plaintiff] could collect monetary damages'"); *Aevoe Corp. v. AE Tech Co., Ltd.*, No. 2:12-cv-0053, 2012 WL 760692, at *5 (D. Nev. Mar. 7, 2012) (concluding that irreparable harm was likely where Defendant was a foreign corporation, so recovery of money damages is insufficient); *Bushnell, Inc. v. Brunton Co.*, 673 F. Supp. 2d 1241, 1263 (D. Kan. 2009) ("the prospect of collecting money damages from a foreign defendant with few to no assets in the United States tips in favor of a finding of irreparable harm"); *Nike*, 166 F.Supp.3d, at 1179 ("[B]ecause Bestwinn has no presence in the United States, it may be difficult or impossible for NIKE to recover a money judgement against Bestwinn")

Accordingly, Plaintiff has established a likelihood on the merits of its claims and that it will be irreparably harmed by Defendants' infringing conduct without the entry of a temporary restraining order.

### IV. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE

The Copyright Act authorizes courts to issue injunctive relief "on such terms as [they] may deem reasonable to prevent or restrain infringement of a copyright…" 17 U.S.C. § 502. Under Federal Rule of Civil Procedure 65(d)(2)(C), this Court has the power to bind any third parties, such as financial institutions, who are in active concert with the Defendants or who aid and abet Defendants and are given actual notice of the order. The facts in this case warrant such relief.

#### A. An immediate TRO preventing violation of Plaintiff's rights is appropriate

Plaintiff requests a temporary injunction requiring the Defendants to immediately cease all infringing use of the Subject Artwork on or in connection with the Defendant Internet Stores. Such relief is necessary to stop the ongoing harm to the copyrights, as well as harm to consumers, and to prevent the Defendants from continuing to benefit from their unauthorized use of the Subject Artwork. Courts frequently authorize immediate injunctive relief in similar cases involving the unauthorized use of intellectual property and counterfeiting. *See, e.g.*, *Spin Master Ltd. v. Alan Yuan's Store*, 325 F. Supp. 3d 413, 419-20 (S.D.N.Y. 2018); *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 176 (E.D.N.Y. 2016).

#### B. Preventing the fraudulent transfer of assets is appropriate

Plaintiff requests an *ex parte* restraint of Defendants' assets so that Plaintiff's right to an equitable accounting of Defendants' profits pursuant to 17 U.S.C. § 504(b). Issuing an *ex parte* restraint will ensure Defendants' compliance. If such a restraint is not granted in this case, Defendants may disregard their responsibilities and fraudulently transfer financial assets to overseas accounts before a restraint is ordered. Specifically, upon information and belief, the Defendants in this case holds most of their assets in China, making it easy to hide or dispose of assets, which will render an accounting by Plaintiff meaningless.

Courts have the inherent authority to issue a prejudgment asset restraint when plaintiff's complaint seeks relief in equity. *Grupo Mexicano de Desarollo, S.A. v. Aliance Bond Fund*, 527 U.S. 308, 325 (1999) (holding that asset freeze pending outcome of case is proper where plaintiff seeks equitable relief); *Off-White LLC v. ^_^Warm House^_^Store*, 2019 WL 418501, at *6 (S.D.N.Y. Jan. 17, 2019) ("[C]ourts in this district routinely order transfers of infringing defendant[s'] frozen assets to plaintiffs in similar [intellectual property infringement] cases"); *Kelly Toys Holdings, LLC v. alialialiLL Store*, 606 F. Supp. 3d 32, 37-38 (S.D.N.Y. 2022).

Plaintiff has shown a strong likelihood of succeeding on the merits, so according to the §504(b) of the Copyright Act, Plaintiff is entitled to "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Plaintiff's Complaint seeks disgorgement of all profits realized by Defendants by reason of Defendants' infringement. Further, unless Defendants' assets are frozen, Defendants will likely hide or move their ill-gotten funds to offshore bank accounts. Burroughs Decl. at ¶ 4. Therefore, this court has the inherent equitable authority to grant Plaintiff's request for prejudgment asset freeze to preserve the relief sought by Plaintiff. *Tiffany (NJ) LLC v. Forbse*, 2015 WL 5638060, at *4 (S.D.N.Y. Sept. 22, 2015) ("'[T]he need for [asset freeze and transfer] is clear: without this relief, defendants would have ... a fourteen-day window [under Federal Rule of Civil Procedure 62(a)] in which to hide their assets."); *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) ("[S]ince the assets in question ... were the profits of the [defendants] made by unlawfully stealing [the plaintiff's] services, the freeze was appropriate and may remain in place pending final disposition of this case."). Accordingly, the granting of an injunction preventing the transfer of Defendants' assets is proper.

### C. Plaintiff is entitled to expedited discovery

The United States Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978). Courts may permit discovery in order to aid in the identification of unknown defendants. *See* Fed. R. Civ. P. 26(b)(2); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Under Federal Rule of Civil Procedure 65(d)(2)(C), this Court has the power to bind any third party who is in active concert with the Defendant that is given notice of the order to provide expedited discovery in this action. Fed. R. Civ. P. 65(d)(2)(C). A court may grant expedited discovery upon a finding of

> (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

*Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F. Supp. 473, 475 (S.D.N.Y. 1990) (citations omitted).

As to irreparable injury and probability of success on the merits, Plaintiff has demonstrated that these requirements have been satisfied *supra* in III.B. Further, Plaintiff cannot effectuate the asset freeze requested herein without discovery of Defendants' assets used in connection with their infringement. Upon information and belief, Defendants and the third party platforms on which the counterfeit goods are sold are sophisticated business entities and there is reason that they cannot comply with expedited discovery requests without undue burden. Without being able to discover Defendants' contact information or bank and payment system accounts, any asset restraint would be of limited value because Plaintiff would not know the entities upon whom to serve the order.

Plaintiff respectfully requests expedited discovery to discover bank and payment system accounts Defendants use for their infringing sales operations. The discovery requested on an expedited basis in Plaintiff's Proposed Temporary Restraining Order has been limited to include only what is essential to prevent further irreparable harm. Discovery of these financial accounts so that they can be frozen is necessary to ensure that these activities will be contained and constitutes good cause. *See Tiffany (NJ) LLC v. Forbse*, 2015 WL 5638060, at *3-4 (S.D.N.Y. Sept. 22, 2015). Plaintiff's seizure and asset restraint may have little meaningful effect without such requested relief. Accordingly, Plaintiff respectfully requests that expeditated discovery be granted.

### D. Service of process by E-mail and/or electronic publication is warranted

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests this Court's authorization to serve process by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website, and/or by sending an e-mail to the e-mail address identified in **Exhibit B** attached to the Complaint and any e-mail addresses provided for Defendants by third parties that includes a link to said website. Electronic service is appropriate and necessary in this case because the Defendants, on information and belief: (1) have provided false names and physical address information in their registrations for the Defendant Internet Stores in order to conceal its location and avoid liability for its unlawful conduct; and (2) rely primarily on electronic communications to communicate with their registrars and customers, demonstrating the reliability of this method of communication by which the registrants of the Defendant Internet Stores may be apprised of the pendency of this action.

Past investigation and discovery of the online marketplace accounts reveal that Defendants appear to have provided false physical address information to the online marketplace in order to avoid full liability. Burroughs Decl. at ¶ 6. The Defendants' names and physical address used to

11

register the Defendant accounts are incomplete, contains randomly typed letters, fails to include cities or states, or uses privacy services that conceal this information. *Id.*

Despite providing a false physical address, the registrants of the Defendants online selling account must provide an accurate e-mail address so that their service providers may communicate with them regarding issues related to the purchase, transfer, and maintenance of the various accounts. Likewise, online marketplace account operators accepting PayPal, or similar accounts, must provide a valid email address to customers for completing payment. Moreover, it is necessary for merchants, such as the registrants of Defendants, who operate entirely online, to visit the stores to ensure they are functioning and to communicate with customers. As such, it is more likely that Defendants can be served electronically than through traditional service of process methods.

Service via electronic mail or publication is authorized by the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id*. at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id*. Similarly, several other courts, including the Northern District of Illinois, have held that such alternate service is appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." *Id*. at 1018.

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props.*, 284 F.3d at 1014-15. This Court may allow Plaintiff to serve the defendant via

12

electronic publication or e-mail even though Plaintiff has not previously attempted other methods. *See e.g., Monco v. Zoltek Corp.*, 2018 WL 3190817, at *4 (N.D. Ill. Apr. 24, 2018).

Electronic service or publication is not prohibited by any international agreement between the United States and Defendants. As previously explained, Plaintiff is unable to determine the exact physical whereabouts or identity of the registrant of the Defendant Internet Stores due to the false and incomplete street address and alias used. However, Plaintiff has good cause to suspect the registrant of the respective Defendant Internet Stores are residents of China. Burroughs Decl. ¶ 3. The United States and the People's Republic of China are both signatories to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters (the "Hague Convention"). Burroughs Decl. at ¶ 3. Additionally, according to Article 1 of The Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." *Id*. As such, United States District Courts, including in this District, routinely permit alternative service of process notwithstanding the applicability of the Hague Convention. *See e.g., Cengage Learning, Inc. v. Xuhong Wang,* 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017) (Hague Convention inapplicable where "the address of the person to be served with the document is not known to the party serving process."); *In re LDK Solar Secs. Litig.*, 2008 WL 2415186, at *2 (N.D. Cal. Jun. 12, 2008) (authorizing alternative means of service on Chinese defendants without first attempting "potentially fruitless" service through the Hague Convention's Chinese Central Authority); *Hangzhou Chic Intelligent Technology Co. et al, v. The Partnerships and Unincorporated Associations Identified on Schedule A*, 20-cv-04806 (N.D. Ill. April 1, 2021) (finding Hague Convention service is optional under Federal Rule of Civil Procedure 4). The proposed Temporary Restraining Order provides for the

13

issuance of single original summons[1] in the name of "all Defendants identified in Schedule A" that shall apply to all Defendants in accordance with Federal Rule of Civil Procedure 4(b).

Allowing service solely by e-mail and/or electronic publication here is appropriate and comports with due process, particularly given the decision by the registrant of the Defendants to conduct their internet-based activities anonymously. Authorizing service of process solely via e-mail and/or electronic publication will benefit all parties and the court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment. As such, Plaintiff respectfully requests this Court's permission to serve Defendants via e-mail and/or electronic publication.

## V.     A BOND SHOULD SECURE THE INJUNCTIVE RELIEF

The posting of security upon issuance of a temporary restraining order or preliminary injunction is vested in the Court's sound discretion. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 (4th Cir. 1999); Fed. R. Civ. P. 65(c). Because of the strong and unequivocal nature of Plaintiff's evidence of infringement, Plaintiff respectfully requests that this Court require Plaintiff to post a bond of no more than Ten Thousand U.S. Dollars ($10,000.00). *See, e.g., Monster Energy Co. v. Chen Wensheng*, 136 F. Supp. 3d 897, 910-11 (N.D. Ill. 2015).

## VI.    CONCLUSION

The Subject Artwork is an important part of Plaintiff's business. It is of no coincidence that the accused products use the creative content protected by Plaintiff's copyrights. It is validation that consumers value the rights owned by Plaintiff. Without entry of the requested relief, the sale

---

[1] The Advisory Committee Notes to the 1993 Amendment to Rule 4(b) states, "If there are multiple defendants, the plaintiff may secure issuance of a summons for each defendant or may serve copies of a single original bearing the names of multiple defendants if the addressee of the summons is effectively identified." Fed. R. Civ. P. 4(b) advisory committee notes (1993).

of infringing products will continue unabated. In view of the foregoing and consistent with previous similar cases, Plaintiff respectfully requests that this Court enter a Temporary Restraining Order in the form submitted herewith and set a status hearing before the expiration of the Temporary Restraining Order at which hearing Plaintiff intends to present a motion for preliminary injunction. In conjunction with the TRO, Plaintiff requests this court also enter an order to expedite discovery and allow the issuance of service by electronic publication and electronic mail.

DATED: February 5, 2026                                Respectfully submitted,

                                                       */s/ Scott Alan Burroughs*
                                                       Scott Alan Burroughs, Esq.
                                                       David M.S. Jenkins, Esq.
                                                       DONIGER / BURROUGHS
                                                       247 Water Street First Floor
                                                       New York, New York 10038
                                                       scott@donigerlawfirm.com
                                                       *Attorney for Plaintiff*