UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN HAITH INTELLECTUAL PROPERTY LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,<br><br>Defendants. | Case No.: 1:26-cv-01018 |

**DECLARATION OF HASSIE BENJAMIN HAITH, JR. IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY INJUNCTION, A TEMPORARY ASSET RESTRAINT, EXPEDITED DISCOVERY, AND SERVICE OF PROCESS BY E-MAIL AND/OR ELECTRONIC PUBLICATION**

## DECLARATION OF HASSIE BENJAMIN HAITH, JR.

I, HASSIE BENJAMIN HAITH, JR., declare as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time of in the regular course of business. If called as a witness, I could and would competently testify to the statements made herein.

2. I am currently making this declaration as representative for Benjamin Haith Intellectual Property LLC ("Haith LLC") and am qualified to speak as Haith LLC's corporate representative. I make this declaration from matters within my knowledge unless otherwise stated.

3. The artwork at issue in this matter was created by activist, social worker, and vexillographer Benjamin Haith, who assigned to Haith LLC all ownership of the copyrights for said artwork, as well as ownership of and the right to pursue all past, accrued, pending, and future claims related to the artwork.

4. Haith LLC is the official, and only owner of the artwork associated with the artwork shown below (the "Subject Artwork"):

///

///

///



6. Haith LLC controls the quality of all products that feature the distinctive Subject Artwork.

7. Substantial time, money, and other resources have been expended in developing, advertising, licensing and promoting the Subject Artwork. Defendants' unauthorized use of the Subject Artwork has and continues to irreparably harm Plaintiff through diminished brand confidence, loss of exclusively of use, and loss of future and past sales.

8. The success of the Subject Artwork has resulted in significant infringement of the copyrights. Consequently, an anti-pirating program has been implemented to investigate

suspicious websites and online marketplace listings identified in proactive internet sweeps. Various marketplace listings have been identified on multiple platforms, including the internet store identified in **Schedule A** attached to the Complaint ("Defendant Internet Stores"), which was offering for sale, selling, and importing unauthorized products featuring the Subject Artwork to consumers in this District and throughout the United States.

9. I am aware of investigations related to internet-based infringement of the Subject Artwork. The investigations show that the Defendants is using the Defendant Internet Stores to sell infringing products featuring the Subject Artwork from foreign countries such as China to consumers in the United States. I, or someone working under my direction, analyzed the Defendant Internet Stores and determined that products unlawfully using the Subject Artwork were being offered for sale to the United States, including New York. The Defendants and their websites do not conduct business with me and do not have the right or authority to use the copyrights for any reason. True and correct copies of screenshot printouts showing the active Defendant Internet Stores reviewed are attached as **Exhibit B** to the Complaint.

10. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that it appears to unknowing consumers to be an authorized online retailer, outlet store or wholesaler selling genuine or authorized products. The Defendant Internet Stores look sophisticated and accepts payment in U.S. dollars via credit cards and/or PayPal. The Defendant Internet Stores often includes images and design elements that make it difficult for consumers to distinguish the site from an authorized website. Defendants further perpetuates the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the

McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos. Haith LLC has not licensed or authorized Defendants to use the Subject Artwork.

11. Upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores' listings show up at or near the top of relevant search results to direct consumers to unauthorized Subject Artwork products. Further, Defendants utilize similar illegitimate SEO tactics to propel new internet stores to the top of search results after others are shut down.

12. Defendants go to great lengths to conceal its identity and uses multiple fictitious names and addresses to register and operate its network of Defendant Internet Stores. Upon information and belief, Defendants regularly creates new websites and/or online marketplace accounts on various platforms using the identity listed in **Schedule A** attached to the Complaint, as well as other unknown fictitious names and addresses. The Defendant Internet Stores registration pattern is one of many common tactics used by the Defendants to conceal their identity, and to avoid being shut down.

13. In addition to operating under multiple fictitious names, the Defendants in this case and defendants in other similar cases against online infringers uses a variety of other common tactics to evade enforcement efforts. For example, the Defendants will often register new online marketplace account under a new alias once it receives notice of a lawsuit.

14. Defendants in other similar cases against online infringers typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation despite any enforcement efforts to make them judgment proof. Upon information and belief, the Defendants maintain an off-shore bank account and regularly

5

moves funds from its PayPal account to off-shore bank accounts outside the jurisdiction of this Court.

15. Monetary damages alone cannot adequately compensate Haith LLC for the ongoing infringement because monetary damages fail to address the loss of control of and damage to Haith LLC's reputation, goodwill, exclusivity of use, and control over the nature and quality of the derivative works made using its copyrighted material. Furthermore, monetary damages are difficult, if not impossible, to completely ascertain due to the inability to fully quantify the monetary damage caused to Haith LLC's reputation and goodwill by acts of infringement.

16. Haith LLC is further irreparably damaged due to a loss of exclusivity. The copyright rights in the Subject Artwork are meant to be exclusive rights.

17. The marketing and distribution of the Subject Artwork and derivative works are aimed at growing and sustaining sales. When infringers use the Subject Artwork without authorization, the exclusivity associated with the Subject Artwork, as well as the company reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

18. Uncontrolled profiteering and pirating of the Subject Artwork create the impression that the copyright rights associated with the Subject Artwork may be infringed with impunity. When infringers use the Subject Artwork on products without authorization, the exclusivity and control of distribution of the Subject Artwork is eroded, resulting in a loss of unquantifiable future sales. The devaluing of the intellectual property associated with the Subject Artwork cannot be compensated for financially since it erodes Haith LLC's ability to monetize the Subject Artwork.

19. Haith LLC will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Executed on December 5, 2025

Hassie Benjamin Haith, Jr.