UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN HAITH INTELLECTUAL PROPERTY LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,<br><br>Defendants. | Case No. 1:26-cv-01018 |

## DECLARATION OF SCOTT ALAN BURROUGHS

I, Scott Alan Burroughs, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of New York and the United States District Court for the Southern District of New York. I am one of the attorneys for Plaintiff, Benjamin Haith Intellectual Property LLC ("Haith LLC"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts, and if called as a witness, I could and would competently testify as follows:

2. Offshore e-commerce store operators offering for sale infringing products typically: (1) provide false, misleading and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third-party service providers and customers. In my experience, even if a purported address is provided on an e-commerce store, it is unlikely to be legitimate. E-mail has proved to be a reliable mechanism for quickly providing notice to e-commerce store operators in similar cases. Indeed, thousands of defendants in cases I have overseen have confirmed receipt of actual notice via e-mail.

3. An investigation of the e-commerce stores operating under the Seller Aliases

identified in Schedule A to the Complaint shows that Defendants did not provide physical addresses on the e-commerce stores. In most instances, Defendants must provide an e-mail address and physical address to third-party online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart, Etsy, and DHgate when registering their account. However, unlike an e-mail address, which is typically verified by the third-party online marketplace platforms, no verification typically occurs for physical addresses. Since an e-commerce store operator can input any physical address, such addresses are usually false and/or are not where the e-commerce store operator is located. I have reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"), to which China is a signatory. The Hague Convention does not preclude service by e-mail. Additionally, according to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." A true and correct copy of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, and a list of signatory members, are collectively attached hereto as **Exhibit 1**.

    4.    I understand that infringers use a variety of tactics to evade enforcement efforts. Specifically, infringers like Defendants in the present case will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit. E-commerce store operators like Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such assellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits. Once notice of a lawsuit is received, infringers frequently move website hosting to rogue servers located outside the United States

and/or begin redirecting traffic to a different, newly created domain name or online marketplace account not named in the corresponding lawsuit. Rogue servers are notorious for ignoring take down demands sent by brand owners.

5. I also understand that once notice of a lawsuit is received, infringers such as the Defendants move funds from their online payment accounts within the United States to off-shore bank accounts outside the jurisdiction of this Court.

6. Past investigation and discovery of its online marketplace account reveals that the Defendants appear to have provided false physical address information to the online platforms in order to avoid full liability. The Defendants' names and physical addresses used to register the Defendant online marketplace accounts are incomplete, contains randomly typed letters, fails to include cities or states, or uses privacy services that conceal this information.

7. For these reasons, in the absence of an *ex parte* Order, Defendants could and likely would modify registration data and content, change hosts, redirect traffic to other websites in its control, and move any assets from accounts in U.S.-based financial institutions, including PayPal accounts, to offshore accounts.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Executed on February 5, 2026 in New York, New York.

By: _____
Scott Alan Burroughs, Esq.
Declarant

3