**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BENJAMIN HAITH INTELLECTUAL PROPERTY LLC, | Case No. 1:26-cv-01018 |
| Plaintiff, | |
| v. | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A, | |
| Defendants. | |

### SEALED TEMPORARY RESTRAINING ORDER

Plaintiff BENJAMIN HAITH INTELLECTUAL PROPERTY LLC, ("HAITH LLC") filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order, including a temporary injunction, alternative service, a temporary asset restraint and expedited discovery (the "Motion") against the fully interactive, e- commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto ("Defendants") and the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS HAITH LLC's Motion in part as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including New York. Specifically, HAITH LLC has provided a basis to conclude that Defendants have targeted sales to New York residents by setting up and operating an e-commerce stores that targets United States consumers using one or more seller aliases, offers shipping to the United States, including New York, and has sold products using infringing and counterfeit versions of HAITH LLC's federally registered Copyrights (the "HAITH LLC Copyrights") to residents of New York. In this case, HAITH LLC has presented screenshot evidence that the Defendant e- commerce stores are reaching out to do business with New York

1

residents by operating one or more commercial, interactive internet stores through which New York residents can and do purchase products using counterfeit versions of the HAITH LLC Copyrights. See Exhibit B to the Complaint, which includes screenshot evidence confirming that the Defendant internet stores stand ready, willing, and able to ship their counterfeit goods to customers in New York bearing infringing and/or counterfeit versions of the HAITH LLC Copyrights. A list of the HAITH LLC Copyrights are included in the below chart.

| REGISTRATION NUMBER | REGISTERED COPYRIGHTS | COPYRIGHT DEPOSIT |
|---|---|---|
| | | |

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because HAITH LLC has presented specific facts in the Declaration of Hassie Bejamin Haith, Jr. in support of the Motion and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts. Accordingly, this Court orders that:

1.    Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be temporarily enjoined and restrained from:

     a.  using the HAITH LLC Copyrights or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine HAITH LLC product or not authorized by HAITH LLC to be sold in connection with the HAITH LLC

Copyrights;

b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine HAITH LLC product or any other product produced by HAITH LLC, that is not HAITH LLC's or not produced under the authorization, control, or supervision of HAITH LLC and approved by HAITH LLC for sale under the HAITH LLC Copyrights;

c.  committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control, or supervision of HAITH LLC, or are sponsored by, approved by, or otherwise connected with HAITH LLC; and

d.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for HAITH LLC, nor authorized by HAITH LLC to be sold or offered for sale, and which bear any of HAITH LLC's Copyrights, including the HAITH LLC Copyrights, or any reproductions, counterfeit copies, or colorable imitations.

2.  Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3.  HAITH LLC is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

a.  the identity and location of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b.  the nature of Defendants' operations, all associated sales and shipping delivery addresses (state(s) only), methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online

Marketplace and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendants, including its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4.    Upon HAITH LLC's request, any third party with actual notice of this Order who is providing services for the Defendants, or in connection with the Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba, Amazon.com, Inc., Wish.com, and Dhgate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to HAITH LLC expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

a. the identity and location of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations, all associated sales and shipping delivery addresses (state(s) only), methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online

Marketplace and Defendants' financial accounts, including Defendant's sales and listing history related to their respective Online Marketplaces; and

c.  any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish.com, Alibaba, Ant Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5.  Upon HAITH LLC's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 5, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the HAITH LLC Copyrights.

6.  Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

a.  locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit B to the Complaint, and any e-mail addresses provided for Defendants by third parties; and

b.  restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

7.  HAITH LLC may provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P.

4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit B to the Complaint and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "PAUL WHITE and all other Defendants identified in the Complaint" that shall apply to the Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8.   HAITH LLC must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

9.   HAITH LLC's Pleading(s) and Exhibits A and B thereto, Schedule A to the Pleading(s), the Declaration of Hassie Benjamin Haith, Jr. , and this Order shall remain sealed until further order by this Court or until the Order expires, whichever occurs earlier.

10.  Within seven (7) calendar days of entry of this Order, HAITH LLC shall deposit with the Court $10,000.00, either cash, business check, or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

11.  Any Defendant that is subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Southern District of New York Local Rules. Any third party impacted by this Order may move for appropriate relief.

6

12.    This Temporary Restraining Order without notice is entered at \_\_\_\_\_ A.M. on this \_\_\_\_\_

day of _____2026 and shall remain in effect for fourteen (14) calendar days. Any motion

to extend this Order must be filed by _____.


_____
United States District Judge

**<u>SCHEDULE A</u>**

