**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BENJAMIN HAITH INTELLECTUAL PROPERTY LLC, a Missouri Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A, <br><br> Defendants. | Case No. 1:26-cv-01018-MKV |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION AS TO THE DEFENDANTS IDENTIFIED IN SCHEDULE A**

Plaintiff, Benjamin Haith Intellectual Property LLC ("Haith" or "Plaintiff"), submits this Memorandum in support of its Motion for Preliminary Injunction.

## I. <u>INTRODUCTION</u>

Plaintiff is requesting a Preliminary Injunction based on its action for copyright infringement against the Defendants identified in Schedule A to the Complaint ("Defendant"). As alleged in Plaintiff's Complaint (Dkt. No. 1), Defendants are manufacturing, advertising, marketing, distributing, offering for sale, and selling products bearing, in whole or in part, Haith's copyrighted artwork without authorization or license (the "Infringing Products"), through a several fully interactive, commercial Internet store operating under at least the Online Marketplace Accounts listed in Schedule A (the "Defendant Internet Stores").

For these reasons set forth below, and those found by this Court in granting Plaintiffs' Temporary Restraining Order ("TRO"), Plaintiffs' Motion for a Preliminary Injunction ("MPI") as to the Defendants identified in Schedule A to the Complaint should be granted.

## II. <u>STATEMENT OF FACTS</u>

Benjamin Haith ("Benjamin") is an American community organizer, activist, social worker, and vexillographer who created the two-dimensional artwork called "Juneteenth Flag" (the "Subject Artwork"), depicted in Exhibit A. Defendants have offered for sale and sold, including on Amazon.com, infringing products containing the copyrighted work ("Subject Artwork") Burroughs Decl. ¶ 3, Ex. 2. Amazon has reported in early discovery sales of at least 10,000 units of product at the listings exploiting the Subject Photograph of which at least 500 units were shipped to New York. Burroughs Decl. ¶ 6.

On February 9, 2026, this Court entered a Temporary Restraining Order (the "TRO") against the Defendants identified in Schedule A to the Complaint. (Dkt. No. 13.) In granting this

TRO, the Court held that Plaintiffs were likely to succeed on the merits of the claims, including their claims for copyright infringement, as well as that there was continuing danger of irreparable harm, that that the balance of hardships weighed in favor of Plaintiffs, and that the public interest would be served by the injunction. Id. The TRO authorized Haith to provide notice to Defendants by electronic means. (*Id.*; see also Declaration of Scott Alan Burroughs (hereinafter, "Burroughs Decl.") at ¶ 4.) Since and pursuant to the entry of the TRO, at least one of the financial accounts associated with the Defendants' Internet Store has been frozen. *See* Burroughs Decl. at ¶ 3. Further, since entry of the TRO, Plaintiff has provided notice to the Defendants through electronic mail and online publication as authorized in the TRO and is in the process of effecting service in accordance. Barrett Decl. at ¶ 4.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against the Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Infringing Products during the pendency of this litigation. As part of the Preliminary Injunction, Plaintiff requests that Defendants' financial account(s) remain frozen until completion of these proceedings.

## III.    <u>LEGAL STANDARD</u>

The standard for granting both a temporary restraining order and preliminary injunction are the same. See, e.g. *Free Country Ltd v. Drennen*, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016) (citations omitted). A temporary restraining order or preliminary injunction may be issued where the plaintiff shows (1) a likelihood of success on the ultimate merits of the lawsuit; (2) a likelihood that the moving party will suffer irreparable harm if a TRO is not granted; (3) that the balance of hardships tips in the moving party's favor; and (4) that the public interest is not disserved by the relief granted." Id.; see also *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076

(N.D. Ill. 1996). See also *Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). By virtue of this Court's entry of the TRO, it has already been found that the above requirements are satisfied, and nothing has altered the circumstances of this case sufficient to deny Plaintiffs' motion for preliminary injunction.

IV.     **ARGUMENT**

**A. A preliminary injunction extending relief already granted in the TRO is appropriate**

Plaintiff readily establishes each of the elements necessary for a preliminary injunction against the Defendants for its ongoing infringement of Haith's intellectual property, and their motion should be granted. Indeed, through this Court's entry of the TRO, it has already been found that the above requirements are satisfied.

**a.   Plaintiff will likely succeed on the merits**

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by the Defendant. As addressed in Plaintiffs' Memorandum in Support of its TRO (Dkt. No. 6), there is a reasonable likelihood that Haith will succeed on the merits of its claim for copyright infringement against the Defendants. "To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). And "[a] certificate of registration is prima facie evidence that a copyright is valid." *Small Bus. Bodyguard Inc. v. House of Moxie, Inc.*, 230 F. Supp. 3d 290, 303 (S.D.N.Y. 2017).

Both elements of infringement are established. Haith owns the registered copyright for the Subject Artwork, registered at VAu 000488555 and holds a valid certificate of registration for same. Haith Decl. ¶ 3. The Infringing Products incorporate and display the Subject Artwork and are considered infringing uses of the Subject Artwork, as shown in Exhibit A and B attached to

the Complaint (Dkt. Nos. 1-1, 1-2). It is clear based on the exact reproduction of the Subject Artwork that Defendant accessed the Subject Artwork through Plaintiff's widespread and public display of the same. Defendant does not have authorization to utilize the Subject Artwork or otherwise use in any other manner that infringes on Plaintiffs exclusive copyrights.

The Defendants' unlawful copying of the Subject Photograph is beyond dispute as it has reproduced, displayed, distributed, and otherwise exploited same on its Amazon listings for its products that are virtually identical to Haith's own. Because Haith has provided *prima facie* evidence of its ownership of a valid copyright in the Subject Artwork and the Defendants' unlawful copying of the entirety of the Subject Artwork is self-evident, Haith is reasonably likely to succeed on the merits of its copyright infringement claim against the Defendants.

### b. Plaintiff has and will continue to suffer irreparable harm in the absence of an injunction

Plaintiff has and will continue to suffer irreparable harm as a result of Defendants' ongoing infringement of the Subject Artwork. At this stage, Plaintiff needs only show that irreparable harm is likely. See, e.g., *Luminara Worldwide, LLC v. Liown Elecs. Co. Ltd.*, 814 F.3d 1343, 1352 (Fed. Cir. 2016). And "[i]n copyright cases, harm can often be irreparable . . . in light of possible market confusion, because it is 'notoriously difficult' to prove the loss of sales due to infringement." *WPIX, Inc. v. ivi, Inc.*, 765 F. Supp. 2d 594, 617 (S.D.N.Y. Feb. 22, 2011).

Additionally, the sort of irreparable harm resulting from intellectual property infringement "encompasses different types of losses that are often difficult to quantify, including lost sales and erosion in reputation and brand distinction." *RMH Tech LLC v. PMC Indus., Inc.*, 352 F. Supp. 3d 164, 201 (D. Conn. 2018), citing *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1344 (Fed. Cir. 2013).

Here, Defendants are exploiting Haith's copyrighted artwork to market and sell products directly competing with Haith's own products, exactly the kind of infringement most likely to cause consumer confusion, mislead the public as the origin and quality of each product, and that would cause Plaintiffs to lose control of the intellectual property. Irreparable harm is thus more than likely without a preliminary injunction.

Additionally, the sort of irreparable harm resulting from intellectual property infringement "encompasses different types of losses that are often difficult to quantify, including lost sales and erosion in reputation and brand distinction." *RMH Tech LLC v. PMC Indus., Inc.*, 352 F. Supp. 3d 164, 201 (D. Conn. 2018), citing *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1344 (Fed. Cir. 2013). Defendants' marketing and sale of knock-off products using unlawful copies of Plaintiff's copyrighted artwork deprive Plaintiff of the ability to control their intellectual property, devalues the Subject Artwork by impinging upon its exclusivity, and undermines the value of Plaintiff's intellectual property by creating an impression that infringement may be undertaken with impunity which threatens Plaintiff's ability. (Dkt. No. 6.) Accordingly, Plaintiff has established that it will be irreparably harmed by Defendants' infringing conduct if a preliminary injunction is not entered.

### c. Balance of hardships weighs in Plaintiffs' favor

As a willful infringer, Defendants are entitled to little equitable consideration. In the copyright context, Defendants "cannot complain" of being forced to cease their infringement. *Warner Bros. Entm't, Inc. v. WTV Sys.*, 824 F. Supp. 2d 1003, 1014-15 (C.D. Cal. 2011). Further, the threat of continued copyright infringement without issuance of an injunction as well as the copyright owner's loss of exclusivity occasioned by copyright infringement support a finding that

the balance of hardships weighs in favor of awarding injunctive relief. *Virtual Studios, Inc. v. Beaulieu Grp., LLC*, 987 F. Supp. 2d 769, 781 (E.D. Tenn. 2013).

As Plaintiff has demonstrated, Defendants have been and continue to profit from the sale of Infringing Products. In doing so, Defendants have eliminated or at least damaged the exclusivity that Plaintiff is entitled to under the law. Thus, the balance of equities tips decisively in Plaintiff's favor. As such, equity requires that Defendants be ordered to cease its unlawful conduct.

### d.  A preliminary injunction is in the public interest

The issuance of a preliminary injunction remains in the public interest. "[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and correspondingly, preventing the misappropriation of skills, creative energies, and resources which are invested in the protected work." *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3rd Cir. 1983). This is especially true here since protecting the creative content of the Subject Artwork extends far beyond protecting simply the works; it also protects the integrity of Subject Artwork and encourages creative expression. Thus, the protection of Plaintiff's copyright is in the public interest.

For these reasons, as previously found by this Court, the entry of a preliminary injunction is appropriate.

## B.  The equitable relief sought remains appropriate

The Copyright Act authorizes courts to issue injunctive relief "on such terms as [they] may deem reasonable to prevent or restrain infringement of a copyright…" 17 U.S.C. § 502. Plaintiff requests conversion of the TRO to a preliminary injunction so that Defendants' account(s) in U.S.-based financial institutions remain frozen. Since the entry of the TRO, Plaintiff has obtained information linked to the Defendants' Internet Stores, which was offering for sale and/or selling

Infringing Products which bear the Subject Artwork without authorization, license, or consent from Haith. The risk that Defendant will liquidate its relevant payment accounts and the financial assets contained in those accounts to avoid this enforcement action remains for the same reasons set forth in Plaintiff's initial Motion for Entry of Temporary Restraining Order (Dkt. No. 5) and later found by the Court (Dkt. No. 13).

In the absence of a preliminary injunction, Defendants may attempt to move assets from any accounts in U.S.-based financial institutions to offshore accounts. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings. The amount of damages to which Plaintiff is entitled as set forth in the Complaint far exceed any amount contained in the Defendants' frozen accounts. Indeed, many courts have authorized immediate injunctive relief in similar cases involving the unauthorized use of intellectual property. *See, e.g., Dyson, Tech. Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule A,* No. 22-cv-5946 (N.D. Ill. Nov. 1, 2022); *Cecilia Granata v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 23-cv-02076 (N.D. Ill. Apr. 7, 2023); *Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd.*, 166 F. Supp. 3d 1177, 1178-79 (D. Nev. 2016). As such, an order continuing to freeze the Defendants' assets should be granted.

## C. <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff respectfully requests that the Court enter the preliminary injunction.

DATED: March 9, 2026                    Respectfully submitted,

                                        */s/ Scott Alan Burroughs*
                                        Scott Alan Burroughs Esq.
                                        David M.S. Jenkins, Esq.
                                        DONIGER / BURROUGHS

247 Water Street, First Floor
New York, New York 10038
scott@donigerlawfirm.com
djenkins@donigerlawfirm.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail addressed to the e-mail addresses provided for Defendants by third parties that includes a link to said website.

Respectfully submitted,

*/s/ Scott Alan Burroughs*
Scott Alan Burroughs Esq.
David M.S. Jenkins, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
scott@donigerlawfirm.com
djenkins@donigerlawfirm.com
Attorneys for Plaintiff