IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN HAITH INTELLECTUAL PROPERTY LLC, a Missouri Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,<br><br>Defendants. | Case No. 1:26-cv-01018-MKV |

## [PROPOSED] PRELIMINARY INJUNCTION ORDER

Plaintiff Benjamin Haith Intellectual Property LCC ("Haith") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto ("Defendants") and using at least the domain names identified in Schedule A (the "Defendant Domain Names") and the online marketplaces account identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS Haith's Motion in part as follows.

This Court finds Haith has provided notice to Defendants in accordance with the Temporary Restraining Order entered February 9, 2026, DOCKET NO. 13 ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendant directly targets its business activities toward consumers in the United States, including New York. Specifically, Haith has provided a basis to conclude that Defendants have targeted sales to New York residents by setting up and

operating an e-commerce store that targets United States consumers using one or more seller aliases, offers shipping to the United States, including New York, and has sold products using infringing and counterfeit versions of Haith's federally registered copyright (the "Haith Copyright") to residents of New York. In this case, Haith has presented screenshot evidence that the Defendants' e-commerce stores are reaching out to do business with New York residents by operating one or more commercial, interactive internet stores through which New York residents can and do purchase products using counterfeit versions of the Haith Copyright. *See* Docket No. 1-2, which includes screenshot evidence confirming that the Defendants' e-commerce stores do stand ready, willing and able to ship its goods to customers in New York utilizing the Haith Copyright.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Haith's previously granted Motion for Entry of a TRO establishes that Haith has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Haith will suffer irreparable harm if the injunction is not granted.

Specifically, Haith has proved a *prima facie* case of copyright infringement because (1) the Haith Copyright is a distinctive mark and is registered with the U.S. Copyright Office on the Principal Register, (2) Defendants are not licensed or authorized to use the Haith Copyright, and (3) Defendants' use of the Haith Copyright is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Haith. Furthermore, Defendants' continued and unauthorized use of the Haith Copyright irreparably harms Haith through diminished goodwill and brand confidence, damage to Haith's reputation, loss of exclusivity, and loss of

future sales. Monetary damages fail to address such damage and, therefore, Haith has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendant's actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be preliminarily enjoined and restrained from:

    a. using the Haith Copyright or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Haith product or not authorized by Haith to be sold in connection with the Haith Copyright;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Haith product or any other product produced by Haith, that is not Haith's or not produced under the authorization, control, or supervision of Haith and approved by Haith for sale under the Haith Copyright;

    c. committing any acts calculated to cause consumers in New York to believe that Defendants' products are those sold under the authorization, control, or supervision of Haith, or are sponsored by, approved by, or otherwise connected with Haith; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of in New York, in any manner, products or inventory not manufactured by or for Haith, nor authorized by Haith to be sold or offered for sale, and which bear any of Haith's copyrights,

3

including the Haith Copyright, or any reproductions, counterfeit copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Haith may issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

   a. the identity and location of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations, all associated sales and shipping delivery addresses (state(s) only), methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplace and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

   c. any financial accounts owned or controlled by Defendants, including its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd.("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Haith's request, Defendants with actual notice and any third party with actual notice of this Order who is providing services for the Defendants, or in connection with the Defendant's Online Marketplace(s), including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc., ContextLogic Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Haith expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a. the identity and location(s) of the Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with it, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations, all associated sales and shipping delivery addresses (state(s) only), methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplace and Defendants' financial accounts, including Defendants' sales and listing history related to its Online Marketplace(s); and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with it, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, Wish.com, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay,

    or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon Haith's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Haith Copyright.

6. Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendant's seller alias, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit B to the Complaint, and any e-mail addresses provided for Defendant by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendant's assets until further order by this Court.

7. Haith must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

8. The Pleading(s) of Haith and Exhibits A and B thereto, Schedule A to the Pleading(s), Haith's Motion for Temporary Restraining Order and all supporting documents, and the TRO are unsealed.

9. Defendants may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Southern District of New

    York Local Rules. Any third party impacted by this Order may move for appropriate relief.

10.    The $10,000 bond posted by Haith shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

_____<br>
Hon. Mary Kay Vyskocil<br>
United States District Judge

Dated: _____, 2026

## SCHEDULE A

| Def No. | Seller name | Seller ID | Platform |
|---|---|---|---|
| 1 | PAUL WHITE | ASTXC31ZWN1SB | Amazon |
| 2 | Yamaxt | A1RXJOAVU5ETGG | Amazon |
| 3 | Three Feet Cat | AYKZT5TCLLMA4 | Amazon |
| 4 | Yangsigns | A1T78IW4UVIPG3 | Amazon |
| 5 | MHXY | AMGHJFUH0QBL4 | Amazon |
| 6 | codree | A3L4O56FVB5RYQ | Amazon |
| 7 | DenZor | A3HE0AQKMPMIUO | Amazon |
| 8 | Dubu Direct | A138SST86RGEFY | Amazon |
| 9 | BiZhao2401 | A3ICNV61UAAMVK | Amazon |
| 10 | CANTENDO.USA | A3LJ7R3V12BPN | Amazon |
| 11 | Kind Girl Flag | A1AV8QPXE4J93S | Amazon |
| 12 | Lamure | A3GHIDH8UOTSXZ | Amazon |
| 13 | tesuosishangmao | A2MFHKPJ5EXWME | Amazon |
| 14 | The Beauty of art is Inspiration | A2AKEDI2CTAJ3R | Amazon |
| 15 | Zhang86gx | A301CCFS0JP16J | Amazon |
| 16 | Beauty is a wonderful thing in the world | A1MS8GT94N76M0 | Amazon |
| 17 | The height of the Altar stele | A9KLIAD3D8TP4 | Amazon |
| 18 | A wonderful life forever | A31ENYRQCEHUEX | Amazon |
| 19 | TMHTMH | A22OIRYPQG2MF | Amazon |
| 20 | ZXvZYT | A3CWPSNSY2TRC5 | Amazon |
| 21 | WXTWK | AD309BILZCW8W | Amazon |
| 22 | GentleGirl.USA | A180RNWUTNRXPU | Amazon |