USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/16/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BENJAMIN HAITH INTELLECTUAL PROPERTY LLC

Plaintiff,

-against-

PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED IN SCHEDULE A,

Defendants.

---

1:26-cv-01018-MKV

FINDINGS OF FACT AND
CONCLUSIONS OF LAW
AND PRELIMINARY
INJUNCTION ORDER

---

MARY KAY VYSKOCIL, United States District Judge:

This matter comes before the Court on the motion of Plaintiff Benjamin Haith Intellectual Property LCC ("Haith") for entry of a Preliminary Injunction (the "Motion") against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto ("Defendants") and using at least the domain names identified in Schedule A (the "Defendant Domain Names") and the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). [ECF No. 22]. Despite the issuance by the Court of an Order directing Defendants to show cause by March 12, 2026 why a preliminary injunction should not issue, the Motion is unopposed and no Defendant has appeared in this case to date.

After reviewing the Motion and the accompanying record, this Court concludes that Plaintiff has met the criteria for entry of a Preliminary Injunction and GRANTS the Motion for a Preliminary Injunction.

The Court finds Haith has provided notice to Defendants in accordance with the Temporary Restraining Order entered February 9, 2026, [ECF No. 13 ("TRO")], and Federal Rule of Civil Procedure 65(a)(1). [*See* ECF No. 21].

The Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward

consumers in New York.  Specifically, Haith has provided a basis to conclude that Defendants have targeted sales to New York residents by setting up and operating e-commerce stores that target New York consumers and have sold products using infringing and counterfeit versions of products infringing on the federally registered copyright owned by Haith (the "Haith Copyright") to residents of New York.  In this case, Haith alleges that each Defendant has shipped allegedly infringing products to New York residents, [ECF No. 1 ("Complaint" or "Compl.") at ¶ 6], and Haith has presented screenshot evidence that the Defendants' e-commerce stores are reaching out to do business with New York residents by operating one or more commercial, interactive internet stores through which New York residents can and do purchase products using counterfeit versions of the Haith Copyrighted product.  *See Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 276-79 (2d Cir. Sept. 17, 2024) (holding single act can establish personal jurisdiction and explaining that a single refunded online purchase by a New York resident of a product that never shipped suffices to establish personal jurisdiction); *Piechowicz v. Partnerships & Unincorporated Associations Identified in Schedule A*, No. 24-cv-3057 (VSN), 2024 WL 4277044, at *1 (S.D.N.Y. Sept. 24, 2024) (finding personal jurisdiction and granting a preliminary injunction where plaintiff "alleges that each Defendant has shipped an allegedly infringing product to New York,[] and has provided evidence that allegedly infringing products are available for shipment to New York via Amazon"). Further, based on the sworn declaration of Plaintiff's Counsel, Scott Alan Burroughs, Esq., the Court finds that Amazon, the service provider that each Defendant purportedly uses to sell the allegedly infringing products, has reported through early discovery that of the over 10,000 units of infringing products sold, 500 units were shipped to New York.  [ECF No. 24, Declaration of Scott Alan Burroughs, Esq. ("Burroughs Decl.")].

The Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is

warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Haith's previously granted Motion for a TRO, [*see* ECF Nos. 1, 6-8, 10, 23, 24], establishes that Haith has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Haith will suffer irreparable harm if the injunction is not granted.

Specifically, Haith has proved a *prima facie* case of copyright infringement because (1) the Haith Copyright is a distinctive mark and is registered with the U.S. Copyright Office on the Principal Register, (2) Defendants are not licensed or authorized to use the Haith Copyright, and (3) Defendants' use of the Haith Copyright is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Haith. Furthermore, Defendants' continued and unauthorized use of the Haith Copyright irreparably harms Haith through diminished goodwill and brand confidence, damage to Haith's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such harm/injury and, therefore, Haith has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions.

Accordingly, the Court ORDERS that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be preliminarily enjoined and restrained from:

    a. using the Haith Copyright or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Haith product or not authorized by Haith to be sold in connection with the Haith Copyright;

3

b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Haith product or any other product produced by Haith, that is not Haith's or not produced under the authorization, control, or supervision of Haith and approved by Haith for sale under the Haith Copyright;

c.  committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Haith, or are sponsored by, approved by, or otherwise connected with Haith; and

d.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Haith, nor authorized by Haith to be sold or offered for sale, and which bear any of Haith's copyrights, including the Haith Copyright, or any reproductions, counterfeit copies, or colorable imitations.

2.  Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3.  Haith is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

a.  the identity and location of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b.  the nature of Defendants' operations, all associated sales and shipping delivery addresses (state(s) only), methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplace and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

4

   c.  any financial accounts owned or controlled by Defendants, including its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd.("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4.  Upon request by Haith, Defendants with actual notice and any third party with actual notice of this Order who is providing services for the Defendants, or in connection with the Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba, Amazon.com, Inc., Wish.com, and Dhgate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Haith expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a.  the identity and location of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b.  the nature of Defendants' operations, all associated sales and shipping delivery addresses (state(s) only), methods of payment for services, and financial information, including, without limitation, identifying information associated with

the Online Marketplace and Defendants' financial accounts, including Defendant's sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish.com, Alibaba, Ant Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon request by Haith, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Haith Copyright.

6. Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit B to the Complaint, and any e-mail addresses provided for Defendants by third parties; and

b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

7. The entire case, including any Orders of the Court, the Pleading(s) of Haith and Exhibits A and B thereto, Schedule A to the Pleading(s), Haith's Motion for Temporary Restraining Order and all supporting documents, and the TRO are unsealed.

8. Defendants may appear and move to dissolve or modify this Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.  Any third party impacted by this Order may similarly move for appropriate relief.

9. Haith may provide notice of these proceedings including this Order via electronic publication and e-mail, as set out in the previously granted TRO.  For avoidance of any doubt, permission to provide notice of these proceedings including this Order, via electronic publication and e-mail, does not relieve Plaintiff of its obligation to pursue service of the summons and complaint in accordance with the Federal Rules of Civil Procedure.

10. The $10,000 bond posted by Haith shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is Terminated.

The Clerk of Court is respectfully requested to terminate docket entry 22.

**SO ORDERED.**

**Date:  March 16, 2026**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

7